# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY TOWNSEND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:17-cv-218-MHT-DAB |
| | ) |
| NATIONAL CART CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Timothy Townsend brought a suit against Defendants relating to personal injury from a piece of equipment he used in the course of his employment. (Doc. 20). Defendant Win Holt Equipment Corp. ("Win Holt") moved to dismiss the Amended Complaint for failure to state a claim. (Doc. 22). Defendant National Cart, LLC d/b/a National Cart Company ("National Cart") filed a motion (Doc. 24) to dismiss the Amended Complaint for failure to state a claim, or in the alternative, for a more definite statement. The motions are fully briefed and taken under submission.

**I.    JURISDICTION**

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391. On December 20, 2017, this matter was referred to the undersigned by U.S. District Judge Myron H. Thompson for

disposition or recommendation on all pretrial matters. *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II. BACKGROUND AND STATEMENT OF FACTS[1]

On March 18, 2015, Plaintiff was working as a merchandise stocker at a Wal-Mart in Prattville, Alabama. (Doc. 20 at ¶ 13). In the course of Plaintiff's duties, he was using a piece of equipment called a "rocket cart" that "was designed, engineered, manufactured, sold, distributed, installed, leased, inspected, maintained and/or repaired by" the Defendants. (Doc. 20 at ¶ 15). "Plaintiff was attempting to stock coffee on a rocket cart when the shelf of the cart unlatched and forcefully hit him on his head." (Doc. 20 at ¶ 14). Plaintiff alleges that as a result of the rocket cart shelf coming unlatched, he "suffered severe injuries to his neck and head resulting in the plaintiff requiring medical treatment, and has been left with permanent injuries…" (Doc. 20 at ¶ 16). Based on these allegations, Plaintiff's Amended Complaint alleges four state law claims of liability pursuant to the Alabama Extended Manufacturer's Liability Doctrine, negligence, wantonness, and reckless/willful actions. (Doc. 20 at ¶¶ 17-33).

## III. STANDARD OF REVIEW

---

[1] These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in the Amended Complaint.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Relation Back

Win Holt argues that Plaintiff's claims against it are time-barred and not subject to the Relation Back provision of Rule 15(c), Fed. R. Civ. P., which provides, in pertinent part:

> (c) Relation Back of Amendments.
> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id.* In this case, the date of the allegedly tortious occurrence was March 18, 2015. (Doc. 20 at ¶ 13). Plaintiff filed his Complaint in the Circuit Court of Autauga County, Alabama, on March 10, 2017, within the two-year statute of limitations, naming National Cart as a Defendant, but not Win Holt. (Doc. 1-1). Plaintiff filed his Amended Complaint on October 10, 2018, adding Win Holt as a Defendant. (Doc. 20). Win Holt argues that Plaintiff cannot satisfy the requirements of Rule 15(c) because "he has not substituted Win Holt for a previously named fictitious

party." (Doc. 22 at ¶ 5). However, Rule 15(c) neither contains a provision regarding fictitious party practice nor does it require substitution for a previously named party. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)("As a general matter, fictitious-party pleading is not permitted in federal court."). Win Holt does not argue that Plaintiff's amendment fails to asserts "a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Rule 15(c). Rather, Win Holt argues that Plaintiff "does not know who manufactured the rocket cart that allegedly caused his injuries." (Doc. 22 at ¶ 5). Plaintiff has pleaded in his Amended Complaint that Win Holt "designed, engineered, manufactured, sold, distributed, installed, leased, inspected, maintained and/or repaired" the rocket cart that allegedly caused his injury. (Doc. 20 at ¶ 15). Plaintiff's allegation clearly asserts a claim that arose out of the occurrence that was set out in the original pleading. Accordingly, Win Holt's motion to dismiss on this issue is due to be denied.

### B. Sufficiency of the Pleading

The Defendants both argue that the Amended Complaint is an impermissible "shotgun pleading" that does not sufficiently articulate the allegations against them. (Doc. 22 at ¶ 10; Doc. 24 at 4ff). However, as noted above, "facial plausibility" of a complaint exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. A complaint need not set out "detailed factual allegations," but it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555. Although the facts as alleged in the Amended Complaint are brief, they are sufficient to place the Defendants on notice that Plaintiff believes his injuries were caused by the unlatching of the shelf on a "rocket cart" in use by Plaintiff at a Wal-Mart and that this was caused either by some defect, negligence, wantonness, recklessness, or willful act or omission attributable to the Defendants. Whether Plaintiff will ultimately be able through the process of discovery to supports these claims with admissible evidence is not at issue. At the pleading stage, Plaintiff has sufficiently stated his allegations with the minimum specificity necessary to place the Defendants on notice of the claims against them. Accordingly, Defendant's motions are due to be denied.

## V.     RECOMMENDATION AND CONCLUSION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' motions to dismiss (Docs. 22, 24) are due to be **DENIED**.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before **January 22, 2018.** Any objections filed must

specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 8th day of January 2018.

_____
David A. Baker
United States Magistrate Judge