IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17cv218-MHT |
| | ) | (WO) |
| WIN-HOLT EQUIPMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Timothy Townsend filed a complaint in an Alabama state court for injuries he suffered when a rocket cart he was shelving at a Wal-Mart store came unlatched and hit him in the head. This case was removed to this federal court based on diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332.* This matter is now before the court on recommendation of the United States Magistrate Judge that the court dismiss this case for lack of subject-matter jurisdiction. Defendant Win-Holt

---

\* Defendant National Cart removed this case but has since been dismissed, and Win-Holt Equipment Corporation was replaced as the defendant.

Equipment Corporation timely objected to the recommendation. After an independent and de novo review of the record, the court concludes that the objection should be sustained and the recommendation rejected.

## I. JURISDICTION

Win-Holt asserts that removal jurisdiction is proper pursuant to § 1441 and § 1332 because the parties are diverse and the amount in controversy is over $ 75,000. The magistrate judge raised doubts as to the court's jurisdiction sua sponte, recommending that this case be remanded to state court because the amount in controversy did not meet the jurisdictional threshold. Townsend also states that jurisdiction is not likely to exceed $ 75,000 and has no objection to the case being remanded to state court.

## II. DISCUSSION

A civil action brought in state court may be removed to federal court if the case could have been originally filed in federal court. *See* 28 U.S.C. § 1441(a). However, if the plaintiff fails to make a specific demand for damages, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 2010)).

In some cases, the defendant is required to provide additional evidence demonstrating that removal is proper. *See id.* In others, it may be "facially apparent" from the complaint itself "that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'"

*Id.* (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

In determining whether a case is removable, a federal district court may make "reasonable deductions," reach "reasonable inferences," and make "reasonable extrapolations" from what is before it. *Roe*, 613 F.3d at 1061-62 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). The district court does not have to "suspend reality or shelve common sense" in determining whether a removing defendant meets the burden. *Pretka*, 608 F.3d at 770 (quoting *Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) (Thompson, J.)). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

In determining the amount in controversy, the court should consider the nature of injury alleged and damages sought. When a plaintiff claims severe and permanent

injuries that will cause pain and suffering and lost earnings, the court may reasonably consider that factor in determining whether the amount in controversy is over $ 75,000. For example, in *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (Fuller, J.) (emphasis added), the court took allegations of "severe and possibly *permanent* injuries, emotional suffering and pain, loss of earnings, and medical expenses" as indicative that over $ 75,000 was in controversy.

Similarly, in *Toole v. Chupp*, 456 F. Supp. 2d 1218, 1222 (M.D. Ala. 2006) (Thompson, J.). the court wrote that a plaintiff's allegations of "substantial bodily harm, including harm that required surgery, and will cause lifelong pain and suffering" could be properly considered in inferring that the amount in controversy had been met. And in *Oliver v. Rodriguez*, No. 2:08-cv-0081-WHA, 2008 WL 928328, at *4 (M.D. Ala. Apr. 4, 2008) (Albritton, J.), the court said that the plaintiff's allegations of "injury to the back [and] neck vertebrae,

lost wages, and expensive medical bills, in addition to pain and suffering and mental anguish" weighed towards finding the amount in controversy exceeded the jurisdictional threshold.

Finally, a court must consider punitive damages when determining the amount in controversy, "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

In this case, there is ample evidence for the court to find that over $ 75,000 is in controversy. First, the nature of the injuries Townsend alleges and type of damages sought demonstrate that over $ 75,000 is at stake in this action. As with the plaintiff in *Culpepper* who complained of permanent injuries, Townsend's complaint alleges "permanent injuries, including a bulging disc in his neck," the loss of the ability to "perform activities," and a "permanent physical and vocational impairment." Complaint (Doc. no. 1). The magistrate

judge's recommendation failed to recognize that Townsend alleges permanent injuries, instead stating that Townsend claims only "substantial" injuries. Recommendation (Doc. no. 52). As Win-Holt noted in its objections to the recommendation, the recommendation also failed to consider the fact that Townsend filed a worker's compensation action in state court claiming that he would be "permanently totally disabled for the rest of his life." Objections (Doc. no. 53-1).

Townsend's decision to seek pain and suffering as well as punitive damages also weighs in favor of a finding that he meets the amount in controversy. As with the plaintiffs in *Culpepper*, *Toole*, and *Oliver* who claimed pain and suffering damages, Townsend's complaint alleges past and future "severe pain, mental anguish and disfigurement," Complaint (Doc. no. 1), as opposed to simply compensation for medical expenses and lost wages. Most importantly, like the plaintiff in *Culpepper*, Townsend seeks punitive damages, which the court must

consider in regard to the amount in controversy. *See Holley Equip. Co.*, 821 F.2d at 1535.

Townsend's conduct throughout the course of this litigation is also probative of the amount in controversy. At the time of removal, Townsend declined to stipulate that the amount in controversy was less than $ 75,000. Although a plaintiff's refusal to stipulate that damages do not exceed $75,000 "does not alone" establish the amount in controversy, *Williams*, 269 F.3d at 1320, the court may consider such refusal as evidence that the amount in controversy is met. *See Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1287 (N.D. Ala. 2013) (Hopkins, J.) ("The court ... considers such refusal[s] in reaching its decision to deny remand."); *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (Acker, J.) ("[P]laintiffs ... who want to pursue claims ... seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and

expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more."); *Oliver*, 2008 WL 928328, at *4 (plaintiff's refusal to stipulate to less than $75,000 was one of several factors leading court to conclude that amount in controversy requirement was satisfied).

Moreover, after the case was removed, Townsend did not move to remand. The court called its jurisdiction into question sua sponte, issuing a show-cause order to Townsend to demonstrate why the court should not remand the case to state court. Only then did Townsend state in his response to the show-cause order that his damages were "not likely" to exceed $ 75,000. Plaintiff's Response (Doc. no. 51). The court does not find this conclusory answer persuasive, especially in light of the facts that Townsend earlier refused to stipulate that his damages were less than $ 75,000 and that he did not move to remand.

9

The court also notes that this is a product liability action, and, as the *Culpepper* court stated, such actions in Alabama routinely result in verdicts in excess of $ 75,000. 968 F. Supp. 2d at 1158.

III. CONCLUSION

As this court has stated, a district court does not have to "suspend reality or shelve common sense" in determining whether the jurisdictional burden has been met. *Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) (Thompson, J.) (*quoted with approval in Pretka*, 608 F.3d at 770). Instead, in reaching its ultimate conclusion as to whether the jurisdictional amount is satisfied, the court must look to the *full and real-world picture* painted by the evidence before it, not just to a corner or a part of that picture. Here, the nature and extent of Townsend's injuries, the types of damages claimed, and Townsend's conduct throughout the course of this litigation together

all strongly show that the required jurisdictional amount in controversy is satisfied and that this case is properly in federal court. The magistrate judge's recommendation will therefore be rejected.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Win-Holt Equipment Corporation's objection (doc. no. 53) is sustained.

(2) The magistrate judge's recommendation (doc. no. 52) is rejected.

(3) This case is not remanded to state court.

(4) The case is referred back to the magistrate judge for further proceedings.

DONE, this the 25th day of September, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE